# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00580-NYW

JOHN DOE,

    Plaintiff,

v.

REGIS UNIVERSITY,
REGIS UNIVERSITY BOARD OF TRUSTEES, and
FATHER PRESIDENT JOHN P. FITZGIBBONS, S.J., in his official capacity as the President of Regis University,

    Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff John Doe's ("Plaintiff" or "Mr. Doe"), Motion for Leave to File Complaint Under Pseudonym [#6, filed February 26, 2021]. This case has been directly assigned to the undersigned Magistrate Judge pursuant to D.C.COLO.LCivR 40.1(c). [#3]. Plaintiff seeks leave to proceed in this action anonymously.

    There is a common-law right of access to judicial records, premised on the recognition that public monitoring of the courts fosters important values such as respect for our judicial system. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997).

    These principles are reflected in D.C.COLO.LCivR 7.2(a). Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4).

Relatedly, the Federal Rules of Civil Procedure do not contemplate the anonymity of parties. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). Rather, Rule 10(a) requires that a complaint "name all the parties," and Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a). *See also Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) ("The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed, it seems contrary to [Rule] 10(a) which requires the names of all parties to appear in the complaint."). Absent permission from the court to proceed anonymously, a case filed under a pseudonym can be dismissed for failure to comply with Rule 10(a). *See, e.g.*, *Zavaras*, 139 F.3d at 803–04 (affirming trial court's dismissal of complaint for failure to comply with Rule 10(a) where plaintiff used a pseudonym).

The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that "identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized. It is subject to a decision by the judge as to the need for the cloak of anonymity." *Lindsey*, 592 F.2d at 1125, and to justify use of a pseudonym, "the risk that a plaintiff may suffer some embarrassment is not enough," *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). The Tenth Circuit has "nevertheless recognized that anonymity in court proceedings may sometimes be warranted, but it is limited to 'exceptional circumstances,' such as cases 'involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Phillips v. Austin Police Dep't*, 828 F. App'x 508, 510 (10th Cir. 2020) (quoting *Femedeer*, 227 F.3d at 1246) (further citations omitted).

Here, Plaintiff asserts that he should be permitted to proceed under a pseudonym given "the highly sensitive and personal nature associated [sic] with being falsely accused of sexual misconduct[.]" [#6 at 14 ¶ 21]. Defendants Regis University (or "Regis"), Regis University Board of Trustees, and Father President John P. Fitzgibbons, S.J. (collectively, "Defendants"), have not yet responded to the instant Motion.[1] Nevertheless, pursuant to the Local Rule of Civil Practice 7.1(d), the court need not wait until a motion is fully briefed, and may rule on a motion "at any time after it is filed." *See* D.C.COLO.LCivR 7.1(d). For the reasons that follow, this court finds that Plaintiff has a sufficiently significant privacy interest to outweigh the presumption of public access, and that his asserted privacy interest warrants permission to proceed anonymously.

Until his suspension from Defendant Regis University in connection with events underlying this lawsuit, Mr. Doe was a full-time undergraduate student at the school. [*Id.* at 1 ¶¶ 2, 3]. Mr. Doe asserts in his Complaint that his suspension from Regis was wrongful and caused a litany of harms including, *inter alia*, "[i]nterruption/loss of his academic studies and anticipated graduation from Regis University, including the financial cost of this educational opportunity, [and] the notation of a Title IX Suspension on his permanent transcript," [*id.* at 2 ¶ 4]; harm to his mental health; and harm to his reputation in the community, including "his life plan to become an educator and work in schools," [*id.*]. In moving to proceed anonymously, he notes the "privacy issues that are involved with being linked to a false accusation of sexual misconduct, particularly

---

[1] The instant Motion does not indicate whether Defendants oppose the relief sought therein, presumably because Defendants have not yet been served. *See* [#6].

in today's society where passions are running high over the #MeToo movement," and argues that "the failure of Regis to investigate [his] claim that he was subjected to retaliation for declining a homosexual advance . . . risks casting him as a homophobe among those who disagree with Catholic teachings." [*Id.* at 13–14 ¶ 20].

In addition, Plaintiff contends that "revelation of [his] identity would result in significant harm to him, the exact type of [sic] which he seeks to remedy by the commencement of this lawsuit." [*Id.* at 14-15 ¶ 21]. Specifically, Plaintiff points out that disclosure of his identity would negate any ultimate success in this matter—wherein he seeks declaratory and injunctive relief to allow him to return to Regis and resume his studies [*id.* at 15 ¶ 21]—because "the public's access to his identity would result in further damage to his career and reputation, the very harm he seeks to remedy in this action," [*id.* at 16 ¶ 24]. Plaintiff also expresses concern that "he will be forever associated with sexual assault, no matter how false the allegations are or how far from due process and fairness the investigation is shown to have been conducted," if he is required to disclose his identity. [*Id.*]. Courts in this District have recognized that "electronic filing allows anyone with an internet connection to access public pleadings, which means that revealing plaintiff['s] name[] could expose [him] to contact by persons seeking to exploit [him]," in connection with this case. *See Doe v. Boulder Valley Sch. Dist. No. RE-2*, No. 11-cv-02107-PAB, 2011 WL 3820781, at *3 (D. Colo. Aug. 30, 2011) (finding that such availability, in conjunction with the plaintiffs' ages and the nature of the allegations in the case, weighed in favor of sealing a complaint to protect the plaintiffs' identities).

Finally, he argues that Defendants will not be prejudiced in any way should Plaintiff be permitted to remain anonymous because Defendants know his true identity and "'[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers.'" [*Id.* at 15 ¶ 22 (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006))]. Here, Plaintiff is not trying to shield his identity from Defendants. Instead, he is "trying to protect [his] identit[y] from interested persons not associated with the defendants. Therefore, the fact that the defendants may know [his] name[] does not argue against" permitting him to proceed under a pseudonym. *See Boulder Valley Sch. Dist. No. RE-2*, 2011 WL 3820781, at *2.

This court finds that Plaintiff has a sufficiently significant privacy interest to outweigh the presumption of public access, and that his asserted privacy interest warrants permission to proceed anonymously at this juncture. Indeed, under the facts alleged in the Complaint, it appears that this case is one in which "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Zavaras*, 139 F.3d at 803. And as Plaintiff correctly notes, courts in the District of Colorado and others have permitted plaintiffs in such actions to proceed anonymously. *See, e.g.*, *Doe v. Univ. of Colo., Boulder*, No. 16-cv-01789-WJM-KLM, Docket No. 25 (D. Colo., filed October 4, 2016); *Doe v. Univ. of Denver*, No. 16-cv-00152-PAB-STV, Docket Nos. #2 (D. Colo., filed Jan. 20, 2016), #32 (D. Colo., filed Apr. 21, 2016); *Doe v. Univ. of Massachusetts-Amherst*, No. 14-30143, 2015 WL 4306521 (D. Mass. Jul. 28, 2015); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015). *See also* [#6 at 14 ¶ 20 (collecting cases)]. As a result, the court finds that it is appropriate to allow Plaintiff to proceed anonymously at this juncture.

Accordingly, Plaintiff's Motion for Leave to File Complaint Under Pseudonym is **GRANTED**. In so holding, however, this court notes that this action is in its very preliminary stages—there is currently no proof of service filed for Defendants; counsel for Defendants and/or Defendant Fitzgibbons have yet to enter their respective appearances; and the Parties have not yet filed a completed Consent/Non-Consent Form. *See* [#4]. Nor has any discovery occurred. Thus, any objection to Plaintiff proceeding anonymously may be raised by Defendants and/or revisited by the presiding judge, if appropriate.

For the reasons set forth herein, **IT IS ORDERED** that:

(1)  Plaintiff John Doe's Motion for Leave to File Complaint Under Pseudonym [#6] is **GRANTED**.

DATED: March 2, 2021