**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 2021-cv-00580-DDD-NYW

JOHN DOE,

    Plaintiff,

v.

REGIS UNIVERSITY, a Colorado non-profit corporation;
REGIS UNIVERSITY BOARD OF TRUSTEES; and
FATHER PRESIDENT JOHN P. FITZGIBBONS, S.J,. in his official capacity as President of Regis University,

    Defendants.

___

**DEFENDANTS' MOTION TO DISMISS**
___

Defendants, **REGIS UNIVERSITY**, **REGIS UNIVERSITY BOARD OF TRUSTEES**, and **FATHER PRESIDENT JOHN P. FITZGIBBONS**, through counsel, SGR, LLC, hereby submit their Motion to Dismiss pursuant to F.R.C.P. 12(b)(6).

And in support thereof, Defendants state as follows:

### I.    STATEMENT OF CONFERRAL

Pursuant to DDD Civ. P.S. D(1), undersigned counsel conferred with counsel for Plaintiff regarding this Motion. Defendant does not believe the deficiencies are curable through amendment as they are legally deficient. Plaintiff opposes the relief requested herein.

### II.    INTRODUCTION

This case arises out of a Title IX investigation conducted by Regis University after multiple allegations of sexual assault were raised against Plaintiff. Three separate allegations were made.

One of Plaintiff's classmates stated that Plaintiff assaulted her by running his hand up and down her leg, reaching into her shirt, and grabbing at her chest. Another student of Regis University stated that Plaintiff inappropriately grabbed her bum. A third student stated that Plaintiff, at a Halloween party, repeatedly touched her leg even after she moved away from him; pulled her towards him and kissed her neck and would not let her get away, and forcibly pulled her down into his lap and would not let her get up. As a result of these allegations, Regis University conducted an investigation. After speaking to the survivors, Plaintiff, and numerous witnesses, the University concluded that the assaults had likely occurred. Plaintiff was suspended from Regis University, beginning February 15, 2019 and through May of 2022. This suit followed.

### III.   FACTUAL ALLEGATIONS AS PLED IN COMPLAINT[1]

1. In the fall of 2018, Plaintiff was enrolled as a sophomore at Regis University. [Dkt. #1, Complaint ¶ 13].

2. Also in the fall of 2018, Regis University received three complaints that Plaintiff had violated the Regis University Nondiscrimination and Sexual Misconduct Policy. [*Id.* ¶¶ 13, 17, 24].

3. After conducting an investigation into the complaints, soliciting and receiving multiple written statements from Plaintiff, and meeting with Plaintiff in person, investigator Mike Flynn determined that the allegations against Plaintiff were substantiated. [*Id.* ¶¶ 14, 16, 18, 19, 24, 28].

4. Plaintiff was given two opportunities to respond to Flynn's report. [*Id.* ¶¶ 29, 33].

---

[1] Defendants assume these facts for purposes of this motion only and make no admissions as to same.

2

5. After Plaintiff had responded to Flynn's report, in February of 2019 Assistant Dean of Students Jackie Kus accepted the results of the report and imposed a disciplinary suspension related to Plaintiff through May of 2022. [*Id.* ¶ 35].

6. Plaintiff appealed Kus's determination, which was subsequently denied following another review. [*Id.* ¶¶ 36-37].

## IV. STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), a complaint "must contain enough allegations of fact 'to state a claim for relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when its allegations, taken as true, allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept conclusory allegations without supporting factual averments. *See Ruiz v. McDonell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Mere formulaic recitations of the elements of a cause of action will not suffice to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

## V. ARGUMENT

### A. FATHER FITZGIBBONS SHOULD BE DISMISSED

Father John P. Fitzgibbons is a named party in this litigation, though the claims asserted against him are in his official capacity only. It is well established that claims against an individual in his official capacity are simply "another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166

3

(1985). Thus, "where a suit contains both entity and official capacity claims, the only defendant is the entity." *Doe v. Douglas Cnty. Sch. Dist.*, 775 F.Supp. 1414, 1416 (D. Colo. 1991); *Ebonie v. Pueblo School Dist. 60*, 819 F.Supp.2d 1179, 1185 (D. Colo. 2011); *AB v. Adams-Arapahoe 28J School Dist.*, 831 F.Supp.2d 1226, 1240 (D. Colo. 2011). Because official capacity claims are effectively those against the entity, they should be struck pursuant to Fed.R.Civ.P. 12(f), which permits the Court to strike redundant matters from pleadings. *Silverstein v. Federal Bureau of Prisons*, 704 F.Supp.2d 1077, 1087 (D. Colo. 2010). Therefore, Father Fitzgibbons should be dismissed from this litigation.

### B. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FIFTH AMENDMENT DUE PROCESS VIOLATION

Plaintiff brings a claim for violation of his Fifth Amendment right to due process, based on allegations that he has a protected property interest in completing his education and a liberty interest in preserving his reputation and pursuing his chosen vocation. Specifically, Plaintiff argues that the Fifth Amendment is applicable to Regis University, as a private institution, simply because Regis University accepts some federal funds. [Complaint, ¶ 80].

The Fifth Amendment prohibits governmental actors from depriving any person of life, liberty, and property, without due process of law. U.S. CONST. V. In general, however, a private university is not subject to the requirements of the Fifth Amendment. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 (1987) (noting that a private corporation is not a governmental actor); *Doe v. Univ. of Denver*, 952 F.3d 1182, 1186 (10th Cir. 2020) ("DU is a private school, and thus its actions are not normally subject to constitutional due process requirements."). Therefore, Plaintiff's federal claim is not legally cognizable.

4

Under specific circumstances, a private actor may be converted to a government actor when it undertakes acts that traditionally have been "the exclusive prerogative" of the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (quotations omitted). Courts also look to whether the state's involvement in the private action changes the relationship between the private actor and its employees or patrons. *Polk Cnty v. Dodson*, 454 U.S. 312, 318 (1981). Also relevant is whether the state is a willful participant in the relevant activities, or provides significant encouragement or control. *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 296 (2001). Critically, the state must be actually responsible "for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

The Supreme Court is clear that "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . . . Nor does the fact that the regulation is extensive and detailed." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) (citations omitted). Receipt of some funding does not automatically designate an entity as a governmental actor, which is the only nexus alleged in the Complaint. When the federal government partially or almost entirely subsidizes a private entity, that too does not render the entity a state actor. *Blum*, 457 U.S. at 993; *see also Davis v. Regis College, Inc.*, 830 P2d 1098 (Colo. App. 1991) (rejecting argument that Regis University was a state actor, entitling plaintiff to bring a Section 1983 claim, simply because Regis received federal funds).

Here, every factor imposed by the Supreme Court weighs against a finding that Regis University became a government actor when it accepted limited government funds. The regulation that Regis University subjects itself to in exchange for funds—the rules and policies governing Title IX investigations—clearly does not convert it to a state actor. As well, in *Blum* the subsidized

5

entities were wholly subsidized by the state and still did not become a government actor—the much smaller subsidy received by Regis surely does not suffice to make it a government actor. Conducting investigations into on-campus sexual assault or educating post-secondary students has never been the exclusive prerogative of the state. And Regis University's acceptance of funds does not alter its relationship with its students. Regis University is therefore a private entity, its acceptance of government funds and corresponding Title IX investigations do not convert it into a government actor, and no Fifth Amendment claim is cognizable as to Regis University.

Notably, virtually all courts faced with Plaintiff's argument--that because Regis University created a policy in response to the federal government's Title IX mandate and guidance from the Department of Education, and has accepted federal funds under Title IX, it has become subject to the requirements of the Fifth Amendment--have rejected it, and have determined that receiving federal funds pursuant to Title IX does not convert a private university into a government actor. *Doe v. Univ. of Denver*, 952 F.3d 1182, 1188 (10th Cir. 2020); *Doe v. Washington Univ.,* 434 F.Supp.3d 735, 748 (E.D. Miss. 2020); *Woytowicz v. George Washington Univ.*, 327 F.Supp.3d 105, 115 (D.C. Cir. 2018); *Doe v. Harvard Univ.,* 472 F.Supp.3d 51, 64 (D. Mass. 2020); *Rossley v. Drake Univ.,* 2017 WL 5634151 at *3 (S.D. Iowa Sept. 6, 2017); *Doe v. Washington & Lee*, 2015 WL 4647996 at *9 (W.D. Va. Aug. 5, 2015); *Heineke v. Santa Clara Univ*., 17-cv-05285-LHK, 2017 WL 6026248 (N.D. Cal. Dec. 5, 2017); *Faparusi v. Case W. Reserve Univ.*, 711 Fed. Appx. 269, 275 (6th Cir. 2017).[2] These cases universally apply the well-established framework

---

[2] Although several of these cases involve claims brought pursuant to the Fourteenth Amendment, rather than the Fifth Amendment, the Fourteenth Amendment and Fifth Amendment are co-extensive in reach. *U.S. v. Paradise*, 480 U.S. 149, note 16 (1987). In this context, the analysis applied under the Fourteenth Amendment and Fifteenth Amendment are identical—the sole distinction is whether the plaintiff seeks to attribute the private university's conduct to the

that the Supreme Court has set out to determine when a private actor may be converted to a government actor and have determined that the mere receipt of some government funds is insufficient to convert a private entity to a government actor; this Court should reach the same decision. Indeed, no Tenth Circuit decision has applied the Fifth Amendment to a Title IX investigation conducted by a private university, and this Complaint provides no basis to alter this established law. Accordingly, Regis University is not subject to the requirements of the Fifth Amendment, and Plaintiff's claim should be dismissed with prejudice.

### C. PLAINTIFF HAS FAILED TO STATE A CLAIM OF NEGLIGENCE

Plaintiff also brings a claim for negligence, asserting that Regis University has, while conducting a Title IX investigation, certain duties to people like Plaintiff which arise from Regis policy and guidance from the Department of Education, and Defendants breached those duties. [Complaint ¶¶ 84, 85]. Specifically, Plaintiff alleges that Defendants failed to fulfill certain requirements imposed by its own policies. [*Id.* ¶¶ 23, 57, 62, 64, 65].

"To establish a common law negligence claim, a plaintiff must prove the following: (1) the defendant owed the plaintiff a legal duty to conform to a standard of care; (2) the defendant breached that duty; (3) the plaintiff suffered injury; and (4) there is a causal relationship between the breach and the injury." *See generally, Land-Wells v. Rain Way Sprinkler & Landscape, LLC*, 187 P.3d 1152, 1153 (Colo. App. 2008); *see also Sanchez v. U.S.,* 506 F.2d 702, 704 (10th Cir.

---

applicable state government, in which case the Fourteenth Amendment applies, or the federal government, in which case the Fifth Amendment applies. *See Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937-38 (1982) (explaining that the Fourteenth Amendment applies to constitutional deprivations which can be attributed to a state); *San Francisco Arts & Athletics*, 483 U.S. at 545 (explaining that the Fifth Amendment applies to private actors taking on the role of federal government actors).

7

1974) (noting that federal courts look to state substantive law to determine state law negligence claims).

When a negligence claim rests on nonfeasance or a failure to act, the plaintiff must show a special relationship between himself and the defendant in order to establish a duty. *Scarano v. Aspen Health Servs. Corp.*, 996 F.2d 311 at *3 (10th Cir. 1993) (table); *N.M. v. Trujillo*, 397 P.3d 370, 374 (Colo. 2017); *State Farm Fire & Cas. Co. v. U.S.*, 2008 WL 5083502 at *9 (D. Colo. Nov. 25, 2008). Plaintiff does not plausibly allege the existence of a special relationship and Colorado law does not recognizable a special relationship in this context.

Colorado has explicitly rejected the notion that a university student and his university have a special relationship that could impose a duty for nonfeasance. *Univ. of Denver v. Whitlock*, 744 P.2d 54, 57-60 (Colo. 1987). The Court reasoned that although historically universities stood *in loco parentis* to their students, in modern times this viewpoint has shifted so that universities are viewed as educational institutions rather than custodial ones. *Id.* at 60. Because society increasingly views college-age students as autonomous adults, it would be illogical to group the university-student relationship in with those special relationships that do create a duty for nonfeasance (such as hospital/patient or parent/child). *Id.* at 57.

There is no reason that the rule of *Whitlock* should not apply here. Plaintiff's claim of negligence is clearly based on Regis' alleged failure to act and fulfill portions of its policies. *Whitlock* is clear that given that basis, Defendants only had a duty if there was a special relationship between Plaintiff and Defendants. *Whitlock* is equally clear that no such relationship existed. Plaintiff, therefore, cannot establish the existence of a duty and so his negligence claim must fail.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Defendants respectfully request that this Court grant relief as follows:

A.      Dismiss the entirety of Plaintiff's claims against Defendants with prejudice;

B.      Enter judgment in favor of Defendants and against Plaintiff, as it relates to such claims for attorney fees and costs; and

C.      Such further and other relief as the Court deems just and proper.

Respectfully submitted,

s/ Courtney B. Kramer
***Courtney B. Kramer***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: 303-320-0509
Email: ckramer@sgrllc.com

s/ Anahita D. Sotoohi
***Anahita D. Sotoohi***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: 303-320-0509
Email: asotoohi@sgrllc.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this 24th day of May, 2021, I electronically filed a true and correct copy of the above and foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Lawrence S. Mertes
Lawrence S. Mertes, P.C.
2235 Broadway
Boulder, CO 80302
*Attorney for Plaintiff*

            *s/* Lisa Gilbert
            Legal Secretary