IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00580-DDD-NYW

JOHN DOE,

      Plaintiff,

v.

REGIS UNIVERSITY,
REGIS UNIVERSITY BOARD OF TRUSTEES, and
FATHER PRESIDENT JOHN P. FITZGIBBONS, S.J., in his official capacity as the President of Regis University,

      Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

      This matter comes before the court on Defendants' Motion to Require Plaintiff to Proceed Under His True Name (the "Motion") [Doc. 33, filed June 24, 2021]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated April 30, 2021 [Doc. 20], and the Order Referring Motions dated October 29, 2021. [Doc. 49].

      On February 26, 2021, Plaintiff John Doe ("Plaintiff" or "Mr. Doe") filed a Motion for Leave to File Complaint Under Pseudonym. [Doc. 6]. This court granted that motion on March 2, 2021. [Doc. 12]. In so ruling, the court recognized that the Federal Rules of Civil Procedure do not contemplate the anonymity of parties. [*Id.* at 2 (citing *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998)]. In fact, the Tenth Circuit has explained that "identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized. It is subject to a decision by the judge as to the need for the cloak of anonymity," *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979), and to justify use of a pseudonym, "the risk that a plaintiff may suffer some embarrassment is not enough." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Nevertheless, the court concluded that Plaintiff had sufficiently alleged a significant privacy interest—namely, that the revelation of his name would negate any ultimate success in this matter—to permit Plaintiff to proceed anonymously at that time. [Doc. 12 at 3]. However, the court acknowledged that the case was at its very early stages and noted that "any objection to Plaintiff proceeding anonymously may be raised by Defendants and/or revisited by the presiding judge, if appropriate." [*Id.* at 4].

      Defendants Regis University, Regis University Board of Trustees, and Father President John P. Fitzgibbons (collectively, "Defendants") now move to require Plaintiff to proceed under his true name. *See* [Doc. 33]. In support, Defendants advance two arguments: first, they argue

that this suit does not involve matters of a highly personal and sensitive nature; and second, they assert that Defendants' and the public's interests weigh against permitting Plaintiff to use a pseudonym.  [*Id.* at 3-6].

With respect to Defendants' first argument, the court first considers whether exceptional circumstances exist.  The Tenth Circuit has not limited exceptional circumstances to matters of a "highly sensitive and personal nature," but also considers the "real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [plaintiff]'s identity as a result of the disclosure of the [plaintiff]'s identity."  *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006).  This court previously determined that "under the facts alleged in the Complaint, it appears that this case is one in which 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'"  [Doc. 12 at 3 (quoting *Zavaras*, 139 F.3d at 803)].  Moreover, while Defendants argue that this case is not "the way in which the Regis community would become aware of the allegations against Plaintiff, or that this suit is what might make it difficult for Plaintiff to return to campus," [Doc. 33 at 4], Defendants make no argument as to individuals outside of the Regis community; as courts in this District have acknowledged, "electronic filing allows anyone with an internet connection to access public pleadings."  *See Doe v. Boulder Valley Sch. Dist. No. RE-2*, No. 11-cv-02107-PAB, 2011 WL 3820781, at *3 (D. Colo. Aug. 30, 2011).  Plaintiff's allegations of reputational harm are not limited to his reputation on the Regis University campus.  *See* [Doc. 1 at ¶¶ 78-79].  Indeed, the Tenth Circuit has recognized that highly sensitive and personal information that would result in a social stigma is an appropriate basis for allowing a party to proceed by pseudonym.  *See Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).  Accordingly, this court again concludes that this action involves matters of a highly sensitive and personal nature that weighs against requiring Plaintiff to proceed in his own full name.

Defendants also argue that their interests, and the public interest, outweigh Plaintiff's interest in proceeding anonymously.  [Doc. 33 at 4].  The court addresses these arguments in turn.

***Defendants' Interests***.  First, Defendants argue that they have an interest in Plaintiff proceeding under his true name because "[s]hould this case become of public interest and Plaintiff remain[] anonymous, there is a real risk that it will appear as though Plaintiff is actually two different people, and that Regis University has allowed two students to sexually assault multiple other students."  [Doc. 33 at 5].  But the Complaint makes clear that Plaintiff is one person who was accused of sexual misconduct on multiple occasions.  *See, e.g.*, [Doc. 1 at ¶¶ 13, 17, 22 (referring to each complaint as against the same John Doe)].  Defendants do not explain why the public would be under the impression that Plaintiff is "actually two different people."  [Doc. 33 at 5].  Nor is the court convinced that, if Plaintiff is permitted to use a pseudonym, the public will believe that "Regis University *has allowed* two students to sexually assault multiple other students" [*id.* (emphasis added)], as the allegations in the Complaint demonstrate that Regis University investigated and addressed the complaints of sexual assault—indeed, the manner in which Defendants addressed the complaints is the heart of the Parties' dispute.  *See* [Doc. 1 at 19-21].

***Public Interest***.  There is no doubt that the public has an important and robust interest in the transparency of judicial proceedings.  "[S]ecret court proceedings are anathema to a free

2

society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996).  The common-law right of access to judicial records is premised on the recognition that public monitoring of the courts fosters important values, such as respect for our judicial system. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).

First, the court considers Defendants' assertion that Regis University accepts federal funding and that "[s]uits concerning public funds are also deemed to be of particular public importance."  [Doc. 33 at 5 (citing *Zavaras*, 139 F.3d at 803)].  In *Zavaras*, an inmate alleged that the Colorado Department of Corrections had denied her funds for transportation and medical expenses for abortion services.  139 F.3d at 799.  In affirming the district court's denial of the plaintiff's use of a pseudonym, the Tenth Circuit found that the public had an interest in access to the case because the plaintiff's claim "clearly involve[d] the use of public funds, and the public certainly has a valid interest in knowing how state revenues are spent." *Id.* at 803.  The court does not find *Zavaras* applicable here.  The instant case does not concern how, when, or the manner in which Defendants are spending their federal funds; rather, Regis University's receipt of federal funds is simply the reason why Regis University must comply with Title IX of the Education Amendments of 1972.  *See* [Doc. 1 at ¶ 80].  The court is thus not convinced by this argument.

Defendants also argue that this case is "exactly the sort of circumstance in which the public has a heightened interest in the plaintiff's identity" because it is "a constitutional challenge," relying on *Femedeer*, 227 F.3d at 1245.  The court respectfully disagrees that *Femedeer* requires this court to determine that Plaintiff should proceed in his own name.  In that case, the Tenth Circuit indicated that the public has a particularly important interest in legal proceedings "attacking the constitutionality of popularly enacted legislation." *Id.* at 1246.  Here, Plaintiff is not attacking the constitutionality of popularly enacted legislation; rather, he alleges that Defendants have violated his personal constitutional rights.  *See generally* [Doc. 1].

Nevertheless, this court notes that the public does have a strong public interest not only in the access to judicial proceedings, but also in whether and how educational institutions are addressing allegations of sexual misconduct on campus and that "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *See Roe v. Heil*, No. 11-cv-01983-WJM-KLM, 2011 WL 3924962, at *4 (D. Colo. Sept. 7, 2011).  Indeed, in its jurisprudence, the Tenth Circuit repeatedly articulates that "it is proper to weigh the public interest in determining whether <u>some form</u> of anonymity is warranted." *Femedeer*, 227 F.3d at 1246 (emphasis added).

The Complaint in this action describes with particularity not only the allegations against Plaintiff, but his responses to the investigation. *See generally* [Doc. 1].  This court further notes that that, unlike other cases where the individuals asserting complaints against the plaintiff also proceed anonymously, *cf. Doe v. Purdue Univ.*, 321 F.R.D. 339, 342 (N.D. Ind. 2017), Plaintiff has identified the Regis students who filed complaints of sexual misconduct against him and potential witnesses by their initials, rather than by pseudonyms. *See, e.g.*, [Doc. 1 at ¶¶ 13-24].  In balancing the various interests of the Parties, the public, and the court, *Femedeer*, 227 F.3d at 1246, this court finds that requiring Plaintiff to proceed by his initials adequately protects his concerns regarding his reputation and addresses any concern by Defendants that their investigation might appear to have involved more than one individual accused of sexual misconduct.

3

For these reasons, the court will **GRANT in part and DENY in part** the Motion.  At this juncture, the court is not persuaded by Defendants' arguments concerning the weighing of interests so as to unmask Plaintiff altogether, but finds that Defendants' concerns can be adequately addressed by requiring Plaintiff to proceed by his initials.  With that said, the court notes that this case is still in its early stages, and discovery is still ongoing.  *See* [Doc. 29 at 11].  In light of the strong public interest in access to judicial proceedings, should this case progress in a manner in which it becomes appropriate for Plaintiff to proceed under his true name, Defendants may file a successive motion requesting that relief.[1]  In any event, Plaintiff is "cautioned that should this matter go to trial, that trial will be fully open to the public, and thus, [his] identit[y] will likely become known at that time." *Roe v. Minguela*, No. 16-cv-02744-MSK-KMT, 2018 WL 4148261, at *11 (D. Colo. Aug. 30, 2018).

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendants' Motion to Require Plaintiff to Proceed Under His True Name [Doc. 33] is **GRANTED in part and DENIED in part**;

(2) Plaintiff shall file an Amended Complaint replacing only "John Doe" with his initials no later than **November 23, 2021**; and

(3) No other amendments to the Complaint may be made pursuant to this Minute Order.

DATED:  November 16, 2021

---

[1] For instance, to the extent that discovery yields information that Plaintiff's identity may already be publicly associated with the allegations in this action through no fault of Defendants, it may be appropriate for the court to revisit this issue.  *Cf. Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (noting that when the plaintiff's name was already in the public domain, a request to proceed anonymously was "equivalent to asking us to put jack back in the box").