IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:21-cv-00580-DDD-MDB

JL,

    Plaintiff,

v.

REGIS UNIVERSITY;
REGIS UNIVERSITY BOARD OF TRUSTEES; and
JOHN P FITZGIBBONS,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

While enrolled at Defendant Regis University, Plaintiff JL was the subject of four allegations of sexual misconduct. (Doc. 55 at 3-12.) Following an investigation into these allegations, Regis found JL was more likely than not responsible for misconduct and placed him on disciplinary suspension. (*Id.* at 12.) JL then filed a lawsuit against Regis University, the Regis University Board of Trustees, and Father John P. Fitzgibbons, the University's president, in his official capacity. (*Id.*) JL brings two claims against defendants: (1) procedural due process violation under the Fifth Amendment and (2) negligence. (*Id.* at 19-22.) JL claims that in its investigation, Regis violated his Fifth Amendment rights by denying him an equitable resolution of his case. (*Id.* at 19-21). The negligence claim stems from Regis's duty owed in the Regis University Nondiscrimination and Sexual Misconduct Policy. (*Id.* at 21). Defendants filed a Motion to Dismiss for failure to state a claim under

1

Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 23.) The motion is granted.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. R. 12(b)(6) requires a complaint to "state a relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court's role is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgen*, 478 F.3d 1149, 1160 (10th Cir. 2007). The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] I note that the operative complaint is Doc. 55, which was filed after Defendants' motion to dismiss (Doc. 23). The only change to the complaint was the alteration of Plaintiff's name from "John Doe" to "JL." While a new complaint generally moots a pending motion to dismiss, I will construe the Defendants' motion to dismiss (Doc. 23) as applying to the now-operative complaint because there are no other changes.

**DISCUSSION**

JL brings two claims against Defendants:

1. *Fifth Amendment Due Process Violation.* JL's due process claim is based on allegations that Regis is "obligated to provide students with procedural Due Process" because it implemented Title IX. (Doc. 55 at 13.)

2. *Negligence.* JL's tort claim is based on allegations that Regis owed a duty of care to JL arising from obligations set forth in the Regis University Nondiscrimination and Sexual Misconduct Policy. (*Id.* at 21.)

JL's due process claim fails because the requirements of the Fifth Amendment generally only apply to the government, not private entities like Regis. While in a narrow set of circumstances, some private entities can be subject to constitutional restraints, those circumstances are not alleged to be present here. And because the federal claim must be dismissed for that reason, I decline to exercise jurisdiction over the state claim.

I.   **Government Actor**

The complaint includes the Board and President Fitzgibbons as "collaborative" administrators of Regis's operations and responsible for supervision of all employees responsible for the implementation of Title IX programs. (Doc. 55 at 2.) Because there does not appear to be a reason to distinguish between the defendants as to the state action question, I will refer to them generally as "Regis" for purposes of state action analysis.

State action generally consists of challenged conduct of enforcement of state laws or regulation by state officials. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). To find state action, JL must show that Regis's actions can be fairly treated as actions by the federal government itself.

*See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (finding that a state action may be found if there is such "close nexus between the State and the challenged action" that seemingly private behavior "may be fairly treated as that of the State itself" (quoting *Jackson v. Metro. Edison Co.*, 419, U.S. 345, 351 (1974))). Because JL raises a Fifth Amendment violation, the burden is on the JL to show a nexus between Regis and the federal government. *See Blum*, 457 U.S. at 1004; *Doe v. Univ. of Denver*, 952 F.3d 1182, 1187 (10th Cir. 2020) (procedural due process claims based on action by the federal government must proceed under the Fifth Amendment).[2]

The nexus JL provides hinges entirely on the fact that Regis is subject to Title IX. (Doc. 55 at 12-13.) JL's argument suggests that all educational programs receiving federal funding would be automatically converted into state action. But this is incorrect. *See Rendell-Baker v. Khon*, 457 U.S. 830, 833 (1982) (school was not a state actor although 90% of its operating budget was publicly funded and it implemented hiring procedures required by a federal grant); *Blum*, 457 U.S. at 1004 (extensively regulated nursing homes were not considered state actors). And while the Tenth Circuit has not weighed in directly on this question when it comes to Title IX, other courts have, and uniformly rejected the proposition JL relies on here. *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1014 (9th Cir. 2020) ("[A] private university does not become a state actor merely by virtue of being required by generally applicable civil rights laws to ameliorate sex (or any other form of) discrimination

---

[2] The Tenth Circuit has not applied the Fifth Amendment to a Title IX investigation conducted by a private university. However, the standards applied under the Fifth Amendment to find federal action are identical to those used to find state action for purposes of the Fourteenth Amendment. *See Geneva Towers Tenants Org. v. Federated Mortgage Investors*, 504 F.2d 483, 487 (9th Cir. 1974).

in educational activities as a condition of receiving state funding…"); *Woytowicz v. George Washington Univ.*, 327 F. Supp. 3d 105, 116 (D.C. Cir. 2018) (a university investigating allegations of misconduct under Title IX is not state action because "many private entities routinely investigate and self-police to ensure that they are in compliance with federal law.").

Defendants are correct that "receiving federal funds pursuant to Title IX does not convert a private university into a government actor." (Doc. 23 at 6.) JL does not address this argument nor does he suggest a new theory why Regis's actions should be treated as government action. JL instead incorrectly seeks to amend his complaint by requesting it in his response (Doc. 34 at 3). *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010). The proposed amendment, however, is futile because the amended complaint would be subject to dismissal. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). JL's proposed amendment seeks to direct a *Bivens* claim at President Fitzgibbons in his individual capacity (Doc. 34 at 3). *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971). Because none of the allegations, whether applied to any of the Defendants or to all of them, meet the state action requirement, reframing the case as one in President Fitzgibbons' individual capacity would not address the state action question. The Fifth Amendment violation against all Defendants must be dismissed with prejudice.[3]

---

[3] JL seeks to add a sex discrimination claim once discovery has commenced and requests time for discovery before ruling on the motion to dismiss. (Doc. 34 at 17.) But that is not how the process works. The matter before the Court presently is a motion to dismiss the complaint JL filed, not one he hopes to find support for down the road.

## II.   State Law Tort Claim

With no remaining federal claim before me, I decline to exercise supplemental jurisdiction over JL's state tort claim. *See Crane v. Utah Dep't. of Corr.*, 15 F.4th 1296, 1314 (10th Cir. 2021) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (quoting *Kach v. City of Del City*, 660 F.3d 1128, 1248 (10th Cir. 2011))).

## CONCLUSION

Defendants' Motion to Dismiss (Doc. 23) is GRANTED.

DATED: August 5, 2022                    BY THE COURT:

Daniel D. Domenico
United States District Judge